UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRADELL M. DIXON, | ) | 1:09-CV-01654 OWW GSA HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| | ) | |
| KELLY HARRINGTON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is represented in this action by Thomas S. Byrnes, Esq. Respondent is represented by Yun Hwa Harper, Esq., of the Office of the California Attorney General.

**PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Orange, following his conviction for second degree robbery. Petitioner is serving a twelve-year determinate term.

With this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a prison disciplinary hearing held on October 12, 2007, in which he was found

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's answer, and the exhibits attached to the petition and answer.

guilty of battery on an inmate with a weapon. He was assessed a credit forfeiture of 360 days.

Petitioner pursued his administrative appeals. On August 26, 2008, his final administrative appeal was denied at the Director's Level. Petitioner then filed a habeas petition in the Kern County Superior Court on October 29, 2008, and submitted additional information on November 19, 2008. The petition was denied in a reasoned decision on December 22, 2008. He then filed a habeas petition in the California Court of Appeals, Fourth Appellate District. The petition was summarily denied. Finally, Petitioner filed a habeas petition in the California Supreme Court. The petition was denied with citation to In re Dexter, 25 Cal.3d 921 (1979).

On September 17, 2009, Petitioner filed the instant federal habeas petition in this Court. Petitioner complains he was denied his constitutional right to a fair and impartial hearing because the hearing officer was biased. He further alleges his credit forfeiture was improper as the time limitations set forth in the California regulations and Penal Code were not met. He also claims he was retained in administrative segregation in violation of statutory time limits.

On January 4, 2010, Respondent filed an answer to the petition. Petitioner filed a traverse to Respondent's answer on May 14, 2010.

**FACTUAL BACKGROUND[2]**

The incident occurred on October 12, 2007, during a riot between the Neighborhood Cripps and the Hoover Criminals, two rival prison gangs, at Ironwood State Prison. According to a confidential informant, Petitioner attempted to stab another inmate with a weapon. The informant observed Petitioner drop the weapon and run south toward the culinary hall. On October 26, 2007, the informant positively identified Petitioner as the assailant in a photo lineup. The information from the informant was corroborated by the investigation. A schematic placed Petitioner at the scene and a 5 1/2 inches long, 1 inch wide stabbing instrument was located at the scene.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

---

[2] This information is taken from the opinion of the Kern County Superior Court. Pursuant to 28 U.S.C. § 2254(e)(1), the facts as determined by the state court are presumed correct.

to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner was incarcerated at Kern Valley State Prison at the time his petition was filed. Kern Valley State Prison is located in Delano, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

II.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71(2003), *disapproving the Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411. "Rather, that application must be objectively unreasonable." Lockyer, 538 U.S. at 76, *citing* Williams, 529 U.S. at 409.

In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the

presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

### A. Prison Disciplinary Proceedings

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

### III. Procedural Default

Respondent notes that the California Supreme Court denied the habeas petition with citation to In re Dexter, 25 Cal.3d 921 (1979), which suggests a failure to exhaust administrative remedies, and that finding constitutes independent and adequate state grounds precluding federal review.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991); LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001). If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for

the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993); Coleman, 501 U.S. at 750; Park v. California, 202 F.3d 1146, 1150 (9th Cir. 2000).

In this case, the California Supreme Court denied the petition citing In re Dexter, 25 Cal.3d 921 (1979). However, it is unclear why the California Supreme Court cited Dexter. A citation to Dexter generally indicates the California Supreme Court has determined that the inmate has failed to exhaust available administrative remedies. Id. Here, as Petitioner correctly argues, it is clear that Petitioner did fully exhaust his available administrative remedies up through the Directors' Level. In fact, the superior court specifically stated: "Petitioner appealed this matter to the Directors' Level of review, so exhaustion of administrative remedies is not at issue. *In re Dexter* (1979) 25 Cal.3d 921, 925." If the California Supreme Court's Dexter citation was intended to indicate a failure to exhaust administrative remedies, that determination is clearly untenable. Nevertheless, since the reason for the California Supreme Court's citation is unclear, the Court should decline to enforce the procedural bar in this case.

IV.  Evidentiary Hearing

In his traverse, Petitioner requests an evidentiary hearing to further develop the facts in this case. An evidentiary hearing on a claim is required where it is clear from the petition that:  (1) the allegations, if established, would entitle the petitioner to relief;  and (2) the state court trier of fact has not reliably found the relevant facts.  See Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).

Initially, the Court must determine whether a factual basis exists in the record to support Petitioner's claim. Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir.1999). If the claims can be resolved by reference to the existing state court record, an evidentiary hearing will be regarded as futile and will therefore be denied. Id.; Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir.1998) (same); Villafuerte v. Stewart, 111 F.3d 616, 633 (9th Cir.1997) (A petitioner's request to have a federal court hear the same evidence heard by the state court in the state habeas proceeding is not a valid reason for an evidentiary hearing.); Campbell v. Wood, 18 F.3d 662, 679 (9th Cir.1994) (An evidentiary hearing is not required on issues that can be resolved by reference to the state court record.).

U.S. District Court
E. D. California            cd                                    5

In this case, a factual basis exists in the state record to support Petitioner's claim. More importantly, the factual basis for his claim was sufficiently developed in the state courts, and this Court can resolve Petitioner's claims with reference to the record and documents submitted with both the petition and the response. Petitioner argues that an evidentiary hearing should be held; however, he does not claim the existence of any new evidence that would merit an evidentiary hearing.

V.   Review of Petitioner's Claims

   A.  Claims Predicated on State Law

In addition to claiming he did not receive a fair and impartial hearing, Petitioner contends certain California statutory time constraints were not met. As a result of these failures to abide by statutory time constraints, he argues he was wrongfully assessed a credit forfeiture of 360 days and wrongfully placed in administrative segregation. As correctly argued by Respondent, these claims are not cognizable on federal habeas review.

Title 28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  Alleged errors in the interpretation or application of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

Petitioner's claims with respect to violations of time constraints is entirely based on state law. In addition, there is no due process right to be housed in general population rather than administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Accordingly, Petitioner's claims concerning the alleged violation of time limitations with respect to his placement in administrative segregation and his forfeiture of time credits is not cognizable in a federal habeas

1  action and must be dismissed.

2          B.  <u>Claim of Partial and Biased Hearing Officer</u>

3          Petitioner does not argue that the decision was unsupported by the evidence, or that he did
4  not receive advance written notice of the disciplinary charges, an opportunity to call witnesses and
5  present documentary evidence in his defense, or a written statement by the factfinder of the evidence
6  relied on and the reasons for the disciplinary action. Rather, he alleges that Correctional Lieutenant
7  T. P. Long, the hearing officer who presided over his prison disciplinary hearing, was not impartial
8  since he actively participated in the investigation of the rules violation report leading up to the
9  hearing.

10         This claim was raised and developed in Petitioner's administrative appeals and to the state
11 courts. The Kern County Superior Court provided the last reasoned decision.  The state court's
12 determination of the facts is presumed correct, and Petitioner has the burden of rebutting that
13 presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  In rejecting Petitioner's
14 claim, the superior court found no merit to Petitioner's claim of bias, stating:

15         Examination of the evidence relevant to petitioner's claims indicates that T. P. Long
was assigned to adjudicate the disciplinary hearing while petitioner was placed in
16 administrative segregation. Lt. Long had no role in formulating the rules violation report or
signing his placement in administrative segregation. There is nothing in the record to support
17 petitioner's contention of partiality and this court finds said claim unmeritorious.

18         A hearing conducted by an impartial hearing officer may indeed violate a prisoner's due
19 process rights. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 571 (1974). The Ninth Circuit has held that an
20 impartial hearing requires that the decision-maker may not participate in the investigation or be a
21 witness in the hearing. <u>Clutchette v. Procunier</u>, 497 F.2d 809, 820 (9th Cir.1974), <u>opinion modified</u>
22 <u>by</u> <u>Clutchette v. Procunier</u>, 510 F.2d 613 (9th Cir. 1974), <u>reversed on other grounds by</u> <u>Baxter v.</u>
23 <u>Palmigiano</u>, 425 U.S. 308 (1976). Nevertheless, "tangential involvement" by a hearing officer does
24 not violate due process. <u>Whitford v. Boglino</u>, 63 F.3d 527, 534 (7th Cir. 1995); <u>see also Merritt v. De</u>
25 <u>Los Santos</u>, 721 F.2d 598, 601 (7th Cir.1983); <u>United States ex rel. Silverman v. Pennsylvania</u>, 527
26 F.Supp. 742, 749 (W.D.Pa. 1981), <u>aff'd,</u> 707 F.2d 1395 (3rd Cir. 1983), <u>and aff'd</u>, 707 F.2d 1397 (3rd
27 Cir. 1983); <u>Rhodes v. Robinson</u>, 612 F.2d 766, 773 (3rd Cir. 1979).

28         As determined by the superior court and upon review of the numerous documents submitted

in this case, there is no evidence that the hearing officer was biased against Petitioner. The rules violation report was authored by Correctional Officer M. L. Wiggins. Testimony was obtained from Correctional Officers Reyes, Iriart, McCormick, Luther, and Correctional Sergeant Messerli. Petitioner's administrative segregation unit placement notice (CDC 114D) was authored by Correctional Lieutenant T. Riddle.  Additional information and testimony was provided by other witnesses and a confidential informant.  While Lt. Long may have signed administrative segregation placement notices for several other inmates, he did not do so in Petitioner's case. In his traverse, Petitioner notes that Lt. Long signed a report containing supplemental information. However, according to the document, this report pertained to inmate Steven Collins, and the information was merely a correction of post assignments by staff.  There is no evidence that Lt. Long had any direct connection to Petitioner's case, other than presiding over Petitioner's hearing.  There is no evidence that Lt. Long actively investigated the case, and Lt. Long did not serve as a witness. His role constituted only marginal or tangential involvement to Petitioner's case and does not offend due process.

In sum, Petitioner fails to demonstrate that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). The petition should be denied.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after service of the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within fourteen days after

service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **July 12, 2010**                    /s/ **Gary S. Austin**
                                                                           UNITED STATES MAGISTRATE JUDGE